IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Criminal No. 2:23-cr-20191-MSN |
| | ) |
| | ) |
| **JUSTIN SMITH,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF UNRELATED INCIDENTS AND CRIMES**

The United States submits this motion *in limine* to exclude evidence and argument about unrelated arrests, incidents, or crimes. During opening statements, defendants referenced possible proof regarding other alleged arrests, dangerous incidents involving other arrestees, possible acts of violence by suspects against other officers, and crime in Memphis generally. Defendant Smith went so far as to suggest that he would seek to admit testimony about a thousand arrests and unverifiable claims about the percentage of dangerous weapons found during the arrests. As discussed in the United States' Trial Brief, *see* ECF No. 536, any such evidence or argument is irrelevant, misleading, and encourages jury nullification. Accordingly, this evidence should be excluded.

**ARGUMENT**

To the extent that the defendants would seek to introduce evidence of unrelated arrests performed by the defendants, unrelated acts of violence against officers, or unrelated crimes in Memphis, that evidence should be excluded as irrelevant. To be relevant, evidence must make a

fact "of consequence in determining the action" more or less probable. Fed. R. Evid. 401. "In a criminal case, a fact is 'of consequence' if it makes it more or less likely that the defendant committed the charged conduct." *United States v. Hazelwood*, 979 F.3d 398, 409 (6th Cir. 2020). Irrelevant evidence is inadmissible. *See id.*; *see also* Fed. R. Evid. 402.

In Count One, the defendants are charged with depriving Tyre Nichols of his constitutional rights while acting under color of law, in violation of 18 U.S.C. § 242 by using unreasonable force and failing to intervene in others' unreasonable use of force, in violation of Nichols' Fourth Amendment rights.[1] Evidence of unrelated arrests has no bearing on whether the defendants' use of force against Nichols was justified at the time it was used. *See United States v. Couch*, 59 F.3d 171, 1995 WL 369318, at *3 (6th Cir. 1995) (unpublished) (stating the jury should consider factors "at the time of . . . arrest" when deciding whether use of force was unreasonable). Evidence or argument about acts of violence by *other* suspects against *other* officers, or about crime generally in Memphis, is even further afield. *See United States v. Rushin*, 844 F.3d 933, 940–42 (11th Cir. 2016) (affirming on *de novo* review the trial court's exclusion of working conditions and unrelated acts of violence in a § 242 case on relevance grounds); *see also United States v. Hinton*, No. 5:13-CR-32 (MTT), 2014 WL 12703793, at *3 (M.D. Ga. May 30, 2014) (precluding evidence of "harsh prison conditions" as irrelevant). While the defendants may testify about their experiences on the Scorpion Team generally and within reason, they may not get into the details of other unrelated

---

[1] The defendants are charged in Count Two with depriving Nichols of his right to be free from deliberate indifference to his serious medical needs, with conspiracy in Count Three, and obstruction in Count Four. The defendants' unrelated incidents evidence is totally disconnected from these counts and is unlikely to be offered in response to those offenses. Consequently, this motion focuses primarily on Count One. However, the defendants' potential other unrelated incident evidence is also irrelevant and immaterial to any analysis of the defendants' guilt with respect to the remaining counts.

2

incidents. The defendants have provided no discovery about any other arrests to the United States. The government has had no opportunity to verify whatever claims the defendants may make about such unrelated incidents.

Even if evidence about unrelated arrests, acts of violence by suspects against officers, or crime in Memphis had some minimal probative value, it would be unduly prejudicial because it is designed to inflame the passion of the jury and suggest that they should ignore the law and vote instead on an improper emotional basis. *See Rushin*, 844 F.3d at 940–42 (affirming the exclusion of evidence of working conditions and unrelated acts of violence in a § 242 excessive force case on the ground that the evidence was unduly prejudicial under Rule 403). Thus, it should be excluded pursuant to Fed. R. Evid. 403. *See Hazelwood*, 979 F.3d at 411–12 (explaining that Rule 403 is intended to prevent a jury from "reach[ing] a verdict based on emotions instead of evidence.") "Unfair prejudice" refers to evidence that "tends to suggest [a] decision on an improper basis." *United States v. Newsom*, 452 F.3d 593, 604 (6th Cir. 2006) (internal quotations omitted). The defendants' unrelated incidents and general crime evidence would inflame the emotions of the jury by emphasizing that police work is dangerous, that arrestees are bad and dangerous people, that Memphis is a violent place that requires unconstitutional methods to police, and that force, including deadly force, is justified for any arrest. Because such an emotional call would be entirely unrelated to the substantive law governing this action, it would be solely and specifically aimed at having the jury vote on an improper basis. Therefore, the Court should not allow such evidence under Rule 403.

In addition to being irrelevant, immaterial, and unduly prejudicial, the defendants' potential evidence would serve the improper purpose of encouraging jury nullification. As the Sixth Circuit has flatly stated "[w]e categorically reject the idea that, in a society committed to the rule of law,

3

jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent." *Wofford v. Woods*, 969 F.3d 685, 710 (6th Cir. 2020) (quoting *United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997)); *see also United States v. Epley*, 52 F.3d 571, 578 (6th Cir. 1995) (affirming an instruction admonishing the jury against jury nullification in a § 242 prosecution). Other circuit courts have similarly rejected attempts at nullification. *See United States v. Bobal*, 981 F.3d 971 (11th Cir. 2020) ("While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath.") (quoting *United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983)); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("[N]either the court nor counsel should encourage jurors to exercise [jury nullification]. . . . A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification.").

In adhering to longstanding and well-reasoned precedent preventing parties from encouraging jurors to reach verdicts at odds with their oath, this Court should bar the defendants from presenting evidence that serves no purpose other than to improperly encourage jury nullification. Evidence and argument regarding unrelated arrests, acts of violence by other suspects against other officers, and crime in Memphis has no bearing on the defendants' guilt and serves the improper purpose of encouraging jury nullification. Other courts have excluded such evidence, and this Court should do the same. *See United States v. Rushin*, 844 F.3d 933, 940–42 (11th Cir. 2016) (affirming exclusion of evidence of difficult working conditions and unrelated acts of violence in a § 242 excessive force case because that evidence was meant to solicit jury nullification).

                                                                                      Respectfully submitted,

        KEVIN G. RITZ
        United States Attorney

        DAVID PRITCHARD
        ELIZABETH ROGERS
        Assistant United States Attorneys
        167 N. Main Street, Ste. 800
        Memphis, TN 38103

        KRISTEN CLARKE
        Assistant Attorney General
        Civil Rights Division
        U.S. Department of Justice

By:  s/ Andrew Manns
        FORREST CHRISTIAN
        Deputy Chief
        KATHRYN E. GILBERT
        Special Litigation Counsel
        ANDREW MANNS
        Trial Attorney
        950 Pennsylvania Ave., NW
        Washington, DC 20530

## CERTIFICATE OF SERVICE

    I, Andrew Manns, hereby certify that the on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which sent notification of said filing to defense counsel.

s/Andrew Manns  
ANDREW MANNS  
September 12, 2024
