# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

**UNITED STATES OF AMERICA**

    **Plaintiff,**

vs.                                                    Case No.: 2:23-cr-20191-MSN

**EMMITT MARTIN, III,**
**TADARRIUS BEAN, DEMETRIUS**
**HALEY, DESMOND MILLS, JR.,**
**AND JUSTIN SMITH**

    **Defendant.**

_____

### DEFENDANT, TADARRIUS BEAN'S, REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFNEDANT BEAN'S MOTION FOR JUDGEMENT OF ACQUITAL

_____

      **COMES NOW** Defendant Tadarrius Bean, by and through counsel filing this reply to the Government's Response in Opposition [ECF No.: 682] to Defendant Bean's Motion for Judgment of Acquittal [ECF No.: 661], and in support of the same would state and show until the Court as follows:

### INTRODUCTION

      As the Government has done throughout this entire case, the Government completely misstates facts and evidence that was decided by the jury in this matter. The Government's response practically ignores the determinations made by the jury, and instead attempts to re-argue facts that not only did the Government failed to prove but were refuted by the evidence presented at trial and unanimously rejected by the jury. As explained below, fairness and duty to prevent a miscarriage of justice unequivocally leads to only one conclusion that the evidence is

insufficient to find Defendant Bean guilty of Count Four (4): Obstruction of Justice, warranting an acquittal of the charge.

## ARGUMENT

Viewing the evidence in the light most favorable to the Government, the Court must determine if is sufficient to the level that a rational trier of fact could find that all elements of the crime are met beyond a reasonable doubt. *Jackson v. Virgina*, 443 U.S. 307, 319 (1979). Despite the Government ignoring the jury, the following is undisputed: Defendant Bean was found **not guilty** of Count One (1) and Count Two (2), along with its lesser-included offense; and **not guilty** of Count Three (3). Because Defendant Bean was found not guilty of Count One through Count Three, logically and legally he must be not guilty of Count Four.

Per the jury instructions given by the Court to the jury, to find Defendant Bean guilty of Counts One and Two, the Government had to prove that Defendant Bean either willfully, while acting under color of law deprived Tyre Nichols of his right to be free from unreasonable force and that such deprivation resulted in death or bodily injury or that Defendant Bean knowingly failed to prevent another officer from using unreasonable force. This issue was unanimously decided by the jury that Defendant Bean did not use unreasonable force. By its verdict, the jury also decided that Defendant Bean did not observe unreasonable force and knowingly failed to intervene by preventing another officer from using unreasonable force. The jury also resolved that Defendant Bean did not aid or abet any other individual in using unreasonable force.

Likewise, as given in the Court's jury instruction for Count Two, to find Defendant Bean guilty, the Government had to show that Defendant Bean knew that Mr. Nichols had an objectively serious medical need that, when unaddressed, exposed to him to substantial risk of serious harm, and that Defendant Bean disregarded that need by failing to take reasonable

measures to address that need. The jury also unanimously found Defendant Bean not guilty of Count Two: Deliberate Indifference.

Finally, as given by the Court in its instruction to the jury, to find Defendant Bean guilty of Count Three, the Government had to prove that Defendant Bean knowingly and voluntarily conspired with at least one other person to intentionally withhold and omit material information and knowingly make false and misleading statements to cover up the use of unreasonable force on Mr. Nichols. Despite the Government's complete mischaracterization of evidence in its response, what the Government cannot dispute is that the jury unanimously decided that Defendant Bean did not knowingly or voluntarily conspire to intentionally withhold and omit material evidence and knowingly make false and misleading statements to investigators to cover up the use of unreasonable force.

When examining the same evidence, or lack thereof, that rendered Defendant Bean not guilty of Counts One, Two, and Three, it is logically and legally insufficient under these charges to convict Defendant Bean on Count Four: Obstruction of Justice, even with all evidence viewed most favorable to the Government. To find Defendant Bean guilty of obstruction of justice, the Government had to prove beyond a reasonable doubt that Defendant either knowingly corruptly persuaded, attempted to corruptly persuade, or engaged in misleading conduct to Lt. DeWayne Smith or Detective Valandria McKinnie, with the intent to hinder, delay, or prevent the communication of information to a law enforcement officer of the United States or a judge of the United States and that such information was related to the commission or possible commission of a federal offense. The Court also instructed the jury of five (5) ways in which Defendant Bean could be found guilty. Because Defendant Bean did not use unreasonable force that either resulted in death or bodily injury, he could not know information related to the commission or

possible commission of a federal offense. Because he did not aid or abet another officer in using unreasonable force that either resulted in death or bodily injury, he could not know information related to the commission or possible commission of a federal offense. Additionally, the evidence was insufficient to prove that Defendant Bean observed unreasonable force. Therefore, if he did not observe any use of unreasonable force, the evidence is also insufficient to prove that he knowingly failed to intervene and prevent the use of unreasonable force. If the evidence was insufficient to prove those elements, then it is only logical that Defendant Bean lacked information related to the commission or possible commission of a federal offense, where the evidence was already insufficient to show he was aware of use of unreasonable force, being a federal offense. The evidence was also insufficient to prove that Defendant Bean was aware of and knowingly participated in a conspiracy to obstruct justice. Therefore, if the evidence was insufficient to show that he knowingly participated in a conspiracy to withhold and omit material evidence, the same evidence must also be insufficient to prove that he had information related to the commission or possible commission of the federal offense of conspiracy. For these reasons alone, the evidence is insufficient to support the third element of Count Four: Obstruction of Justice as provided in the Court's instructions to the jury. However, despite the Government's insistence in its response, evidence in the record also disproves other elements of Count Four.

First, it is undisputed that there was no evidence to show that Defendant Bean corruptly persuaded or attempted to corruptly persuade Lt. Smith in any fashion. Secondly, in its response, the Government insists that Defendant Bean withheld information from Lt. Smith by failing to report to Lt. Smith that "Officer Martin struck Tyre Nichols in the head and that Martin and defendant Haley kicked Nichols." [ECF No.: 682]. In making this argument, the Government completely ignores not only the jury's unanimous verdict as it relates to the duty to intervene, but

also ignores the very policy it references in its argument. Under the policy as the Government theorizes, Defendant would only have a duty to report misconduct or use of force that was excessive. If Defendant Bean did not observe unreasonable force, he has no duty to report the information to Lt. Smith. Because he did not observe any unreasonable force, as determined by the jury, Defendant Bean could not have possibly engaged in any misleading conduct towards Lt. Smith during the course of the investigation. Furthermore, at no point in his testimony did Lt. Smith state that he received any information from Defendant Bean. In fact, Lt. Smith testified that upon arriving to the scene at Castlegate, he only spoke with the team in a group, never talking to either member of the team individually. He further testified that Defendant Bean was at the hospital with Mr. Nichols at the time other members of the team were at the station giving their statements. Lt. Smith never directed any specific questions to Defendant Bean, giving him no opportunity to even give misleading information or omit material information.

The evidence was also insufficient to show that Defendant Bean withheld information or knowingly provided false information to Detective McKinnie. Firstly, and most obviously, contrary to Detective McKinnie's testimony, the time stamps on her incident report show that Defendant Bean was not even remotely near the station at 51 S Flicker when the other officers were giving their statements to Detective McKinnie, nor had he arrived by the time the report had been completed. Secondly, Detective McKinnie was tasked with writing the incident report for the charge of aggravated assault against Tyre Nichols, with Emmitt Martin being the victim. This incident report was based on facts that took place on the first scene at Ross and Raines. Defendant Bean could not possibly have given Detective McKinnie information regarding any facts from that scene because he was never present on that scene. Rather, Detective McKinnie's statements reveal that she received the information in her report from Officers Martin and Haley.

Additionally, during her entire testimony at trial, Detective McKinnie was not able to point to any specific information that was offered to her by Defendant Bean or omitted by Defendant Bean. In fact, Detective McKinnie, according to her testimony, only asked Defendant Bean one opened ended question, "did he have any involvement with Mr. Nichols." Detective McKinnie never asked Defendant Bean any additional questions by which he gave false or misleading information. Furthermore, because he did not observe any unreasonable force, Defendant Bean could not have omitted material information where he did not know that there was material information related to the commission or possible commission of a federal offense.

Finally, the Government argues that Defendant Bean offered false and misleading information in his Blue Team/ Response to Resistance Report. This argument falls flat on its face and is completely contrary to the testimony of the Government's own witnesses and the reports themselves. Each officer involved with the arrest of Tyre Nichols prepared their own individual Response to Resistance Report. Just as the other officers did in their report, Defendant Bean described only his actions without making any reference to any other officer's actions on that night. Practically every MPD officer or former officer witness, including Lt. Smith, testified that the Blue Team/ Response to Resistance Report was written to document only the drafting officer's use of force. This was corroborated by Emmitt Martin, Officer Kyle Coudriet, Officer Harvey, and Desmond Mills. Therefore, the is insufficient evidence to show that Defendant Bean knowing omitted information from his Response to Resistance Report when his training and common department practices taught him to only describe his actions in the report, and not those of all officers involved.

## **CONCLUSION**

For these reasons, Defendant Bean requests this Court set aside the jury's guilty verdict and enter an acquittal as it relates to Count Four of the indictment. While the Government chooses to dispute and outright ignore the facts the jury unanimously decided, those same facts make it unequivocal that if the evidence was insufficient to convict Defendant Bean of Counts One, Two, and Three, that same evidence must be insufficient to convict Defendant Bean of Count Four. Therefore, in the interest of fairness and fulfilling its duty to prevent a miscarriage of justice, this Court must step in and enter an acquittal to Count Four in favor of Defendant Tadarrius Bean. Defendant Tadarrius Bean respectfully requests that a hearing be held on this matter prior to the Court ruling in this case.

Respectfully submitted,

**PERRY GRIFFIN, PC**
/s/ John Keith Perry, Jr.
John Keith Perry, Jr., #24283
Attorney for Defendant
5699 Getwell Road. Bldg. G5
Southaven, MS 38672
P: 662-536-6868
F:662-536-6869
JKP@PerryGriffin.com

/s/ Andre Thomas
GARRETT & THOMAS LAW
295 Washington Avenue, Suite 2
Memphis, Tennessee 38103
901-529-0022
at@andrethomaslaw.com

/s/ Kevin P. Whitmore
Attorney Representative of
LAST CHANCE LAW FIRM PLLC
301 Washington Avenue
Suite 202
Memphis, Tennessee 38103
901-461-1039
whitmore@lastchancelaw.com

## **CERTIFICATE OF SERVICE**

I, John Keith Perry, certify that I have filed a true and correct copy of the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record:

David Pritchard
U.S. ATTORNEY'S OFFICE
Federal Building
167 N. Main St.
Ste. 800
Memphis, TN 38103
Email: david.pritchard2@usdoj.gov

Forrest Christian
DOJ-CRT
950 Pennsylvania Avenue, NW Building
Room 7116
Washington, DC 20530
Email: Forrest.Christian@usdoj.gov

Kathryn Gilbert
DOJ-CRT
950 Pennsylvania Ave NW
Washington, DC 20530
Email: kathryn.gilbert@usdoj.gov

William D. Massey
MASSEY & MCCLUSKY
3074 East Street
Memphis, TN 38128
Email: masseymccluskylaw@gmail.com

Michael Stengel
MICHAEL J. STENGEL, ATTORNEY AT LAW
619 South Cooper Street Memphis, TN 38104
Email: stengel12260@mjspc.com

Blake D. Ballin
BALLIN BALLIN & FISHMAN
200 Jefferson Ave. Ste. 1250 Memphis, TN 38103
Email: bballin@bbfpc.com

Martin W. Zummach<br>
SPARKMAN ZUMMACH, P.C.<br>
P.O. Box 266 Southaven, MS 38671-0266<br>
Email: martin@sparkman-zummach.com

This the 31st day of October 2024.

                                            /s/ John Keith Perry, Jr._____
                                            JOHN KEITH PERRY, JR.